**U.S.A. DELI, INC.**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 2006.

Decided Oct. 11, 2006.

---

David B. Schlechter, Asst. Counsel, Harrisburg, for appellant.

Edward B. McHugh, Bensalem, for appellee.

BEFORE: PELLEGRINI, Judge, and LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

The Pennsylvania Liquor Control Board (Board) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) reversing the Board's decision refusing to renew the liquor license of U.S.A. Deli, Inc. (Licensee) because the trial court found that Licensee took substantial affirmative steps to prevent further sales of liquor to minors.

Licensee filed an application for renewal of its Eating Place Malt Beverage License No. E–884 for the licensing period from November 1, 2004, through October 31, 2006. By letter dated October 21, 2004, the Bureau of Licensing (Bureau) informed Licensee that it objected to Licensee's renewal based on four adjudicated

citations [1] violating Sections 442(a), 493(1) and 493(14) of the Liquor Code,[2] by selling alcohol to minors, selling alcohol in excess of 192 fluid ounces to minors for off-premises consumption, and allowing minors to frequent Licensee's premises. The Bureau opposed the renewal application pursuant to Section 470 of the Liquor Code, 47 P.S. § 4–470, because Licensee had abused its licensing privilege and explained that Licensee had a right to request a formal hearing.

At the formal hearing before the Board-appointed hearing examiner, Licensee's manager, Chhun Hong (Hong), testified to the substantial steps she took to prevent future sales to minors. Hong testified that in April of 2004, she completed the Board's Responsible Alcohol Management Program (RAMP), a training program for persons who serve alcohol, and then trained Ian Chea (Chea), who also worked for Licensee, on the RAMP procedures. She testified that she now scanned all Pennsylvania identification cards and made a printout and posted signs to warn underage drinkers that they would not be served. For suspicious or out-of-state licenses, she referred to an I.D. Checking Guide 2004 to match state identification cards with a sample from the guide; made a photocopy of the license; required completion of a declaration of age; and required back-up identification to verify information. Hong further testified that Licensee's premises was located near Temple University, and that she turned down five to 10 people a day for not having proper identification. She stated that the changes have allowed her to run Licensee better and to better control students trying to use fake IDs.

Finding that Licensee had addressed the issues raised in the adjudicated citations through RAMP certification and installation of scan machines, the hearing examiner recommended that Licensee's license be renewed because it had taken all reasonable steps to prevent further Liquor Code violations. Disagreeing with the hearing examiner's recommendation, the Board denied Licensee's renewal because of the repeated nature of Licensee's offenses in disregard of both the Board's established policies and the Liquor Code. Licensee then appealed to the trial court.

When an appeal is taken from a Board decision, under Section 464 of the Liquor Code, 47 P.S. § 4–464,[3] the trial

---

1. Citation No. 02–2042 established that on October 3 and 5, 2002, Licensee sold alcohol to four persons between the ages of 18 and 20 and allowed minors to frequent the premises. This was consolidated for adjudication with Citation No. 02–2258 which established that on November 20, 2002, Licensee sold alcohol to two persons 18 years of age and had made sales in excess of 192 fluid ounces. As a result, Licensee was fined $1,300.

Citation No. 03–0432 established that on February 5, 2003, Licensee sold alcohol to a 19 year old and had made sales in excess of 192 fluid ounces. This citation was consolidated for adjudication with Citation No. 03–0767 which established that on July 3, 2003, Licensee sold alcohol to a 19 year old and had made sales in excess of 192 fluid ounces. As a result, Licensee was fined $1,200.

Citation No. 03–1982 established that on October 30, 2003, Licensee sold alcohol to a 19 year old and as a result, its license was suspended for three days.

Citation No. 03–2123 established that on November 20, 2003, Licensee sold alcohol to a person 18 years old and another 19 years old. As a result, Licensee was fined $1,000 and had its license suspended for three days.

2. Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 4–442(a), 4–493(1) and 4–493(14), respectively.

3. Section 464 of the Liquor Code provides that following an administrative hearing, any applicant who is aggrieved by the refusal of the Board to issue a liquor license or to renew or transfer any such license may appeal to the trial court. That section continues:

court hears the matter *de novo* and is to issue its own findings and conclusions based upon the established record. *Two Sophia's, Inc. v. Pennsylvania Liquor Control Board*, 799 A.2d 917 (Pa.Cmwlth. 2002). Based on that record, the trial court may sustain, alter, modify or amend the Board's action even if it does not find materially different facts. *Pennsylvania Liquor Control Board v. Richard E. Craft American Legion Home Corporation*, 553 Pa. 99, 718 A.2d 276 (Pa.1998); *SSEN, Inc. v. Borough Council of the Borough of Eddystone*, 810 A.2d 200 (Pa.Cmwlth.2002). Based on the record before the Board, the trial court reversed, finding that Licensee had expended substantial time, energy and money to take the steps necessary to prevent future sales of alcohol to minors. It noted that Licensee's substantial effort was effective because it had not received any citations since completing RAMP and implementing its new systems and policies to deal with underage patrons. This appeal by the Board followed.[4]

 The Board contends that the trial court committed an error of law by interpreting Section 470(a.1) of the Liquor Code, 47 P.S. § 4–470(a.1),[5] to allow Licensee to make a "substantial steps" defense to adjudicated citations related directly to Liquor Code violations.[6] The Board ar-

---

The court shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved, at such time as it shall fix, of which notice shall be given to the board. The court shall either sustain or over-rule the action of the board and either order or deny the issuance of a new license or the renewal or transfer of the license ... to the applicant.

4. Our scope of review in a liquor license renewal case is limited to a determination of whether the trial court's findings of fact are *supported by substantial evidence* and whether the trial court committed an error of law or abused its discretion. *Pennsylvania Liquor Control Board v. Bartosh*, 730 A.2d 1029 (Pa. Cmwlth.1999).

5. Section 470(a.1) of the Liquor Code provides:

(a.1) The Director of the Bureau of Licensing may object to and the board may refuse a properly filed license application:

(1) if the licensee, its shareholders, directors, officers, association members, servants, agents or employes have violated any of the laws of this Commonwealth or any of the regulations of the board;

(2) if the licensee, its shareholders, directors, officers, association members, servants, agents or employes have one or more adjudicated citations under this or any other license issued by the board or were involved in a license whose renewal was objected to by the Bureau of Licensing under this section;

(3) if the licensed premises no longer meets the requirements of this act or the board's regulations; or

(4) due to the manner in which this or another licensed premises was operated while the licensee, its shareholders, directors, officers, association members, servants, agents or employes were involved with that license. When considering the manner in which this or another licensed premises was being operated, the board may consider activity that occurred on or about the licensed premises or in areas under the licensee's control if the activity occurred when the premises was open for operation and if there was a relationship between the activity outside the premises and the manner in which the licensed premises was operated. The board may take into consideration whether any substantial steps were taken to address the activity occurring on or about the premises.

6. The General Assembly has granted the Board broad police powers in its duty to protect the citizens of the Commonwealth and, therefore, the Liquor Code must be liberally construed pursuant to Section 104(a) of the Liquor Code, 47 P.S. § 1–104(a). The Board's construction of a statute is entitled to great weight and should only be disregarded or overturned for cogent reasons and if clearly erroneous. *Hyland Enterprises, Inc. v. Pennsylvania Liquor Control Board*, 158 Pa. Cmwlth. 283, 631 A.2d 789 (1993).

gues that this defense is only applicable to third party penal code violations occurring on or about a licensed premises under Section 470(a.1)(4) of the Liquor Code, 47 P.S. § 4–470(a.1)(4), allowing the Board to consider any substantial steps a licensee took to address the unlawful activity. It argues that this case, however, involves violations directly related to the Liquor Code under Section 470(a.1)(2) of the Liquor Code, 47 P.S. § 4–470(a.1)(2), which does not include such a defense. Because such a defense is not available to cure violations committed by Licensee, the Board contends that the trial court abused its discretion by renewing Licensee's license.

While we agree with the Board that a "substantial steps" defense is only mentioned as a legal defense to a Section 470(a.1)(4) third party activity challenge, the question here is not whether it is a legal defense to a Section 470(a.1)(2) challenge involving direct violations, but whether the trial court has the discretion to consider such steps and renew the license. If the Board has discretion to renew a license in such circumstances, then so can the trial court because it has the same discretion as the Board; correspondingly, if the Board does not have discretion to renew the license where Licensee engaged in illegal conduct, then neither does the trial court.

■ Without saying so directly, the Board contends that it does not have such discretion because a license renewal refusal under Section 470(a.1)(2) of the Liquor Code for past adjudicated citations involving direct violations of the Liquor Code or its regulations imposes "strict liability" on the applicant. However, before listing the reasons why a license may not be renewed, Section 470(a.1) of the Liquor Code provides, "the board **may** refuse a properly filed license application." Because the

term "may" gives the Board discretionary authority to decide whether to refuse a properly filed renewal application, the Board has the discretion to renew a license even where the licensee has several adjudicated violations and takes steps to make sure that it would operate the establishment in accordance with the liquor laws. While there may be instances where granting a license renewal may constitute an abuse of discretion by the trial court, this is not one of them. Because trial courts are free to substitute their discretion for that of the Board, the trial court here was free to find that the steps taken by Licensee justified the renewal of its license.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this *11th* day of *October,* 2006, the order of the Court of Common Pleas of Philadelphia County, dated August 5, 2005, is affirmed.