# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUNS, Inc., | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1312 C.D. 2020 |
| | : | SUBMITTED: August 8, 2025 |
| Pennsylvania Liquor Control Board | : | |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                   HONORABLE MATTHEW S. WOLF, Judge
                   HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  December 11, 2025**

Licensee, JUNS, Inc., appeals from an order of the Court of Common Pleas of Philadelphia County that denied Licensee's appeal from the decision of the Pennsylvania Liquor Control Board (PLCB) to deny Licensee's application to renew Eating Place Retail Dispenser (Malt) License No. E-140 (LID 73279).  The license authorized Licensee to serve and sell malt or brewed beverages to the public under the Pennsylvania Liquor Code (Liquor Code).[1]  We vacate and remand this matter for essential findings of fact and conclusions of law, *based on the existing record*, within 90 days of the date of this opinion and order.[2]

In August 2016, the PLCB approved Licensee's application for an E-140 license for its business located at 241 South 60th Street, Philadelphia, Pennsylvania.  In October 2018, the PLCB denied Licensee's renewal application

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1-101 - 10-1001.

[2] In August 2025, this Court issued a rule to show cause why this matter should not be dismissed as moot.  Following both parties' responses, we discharged the rule.  10/29/2025 Pa. Cmwlth. Ct. Order.  Accordingly, we now consider the case on its merits.

based upon allegations of improper conduct at the licensed premises; allegations that the sole officer/shareholder and PLCB-approved manager, Jong Young Choi, was not a responsible person of good repute and/or had become a person of ill repute; and allegations that Licensee had failed to provide sufficient seating for 30 or more patrons as required by Section 102 of the Liquor Code, 47 P.S. § 1-102.

In March 2019, a PLCB hearing examiner conducted a hearing at which all parties had counsel. Licensee presented the testimony of Mr. Choi; his son; and Mary Lou Corbett, an investigator who visited the licensed premises four times in 2019. The PLCB produced police reports detailing numerous occurrences of criminal activity and arrests in and around the licensed premises, including instances of drug use, possession, and sales. All of this activity involved third parties or patrons. The PLCB also presented the testimony of three police officers.[3] Sergeant Young was offered to establish a basis for the admission of the police reports as business records. Officers Roher and Adams testified as to narcotics surveillance on two different dates in 2017 and the subsequent arrests of several individuals.

Subject to Licensee's objections, the hearing examiner admitted the police reports for purposes of having a complete record. However, she opined that 11 reports were inadmissible via the testimony of Sergeant Young for lack of proper foundation to establish them as business records. In addition, even though she considered two reports because Officers Roher and Adams testified, she ultimately ruled that their testimony did not establish a reasonable basis for Licensee to know that crimes were occurring on or adjacent to the licensed premises. Accordingly, she recommended the renewal of Licensee's license. Hr'g Examiner's

---

[3] The PLCB issued over 20 subpoenas but only 3 police officers appeared before the hearing examiner. *See* 1/08/2020 Trial Ct. Hr'g, Notes of Testimony (N.T.) at 11; Reproduced Record (R.R.) at 531a.

2

Recommended Decision at 1-26; Reproduced Record (R.R.) at 6a-31a. Nonetheless, the PLCB exercised its discretion and denied Licensee's renewal application for the two-year licensing term beginning November 1, 2018.[4] 6/06/2019 PLCB Decision; R.R. at 1a-5a. In support, the PLCB stated that it carefully considered all of the facts established at the hearing.[5] Licensee's timely appeal to the trial court followed.

Between January and November 2020, the trial court conducted a *de novo* trial on three dates. The PLCB offered the record adduced at the administrative hearing and Licensee supplemented that record with additional evidence from Mr. Choi; his son; and William Latorre, an expert in liquor control and compliance, as well as premises security. In November 2020, the trial court affirmed the PLCB's denial of the renewal application and denied Licensee's appeal. Subsequently, the trial court denied Licensee's emergency motion for supersedeas. 12/07/2020 Trial Ct. Order; R.R. at 463a. Licensee's timely appeal to this Court followed.[6]

A trial court reviewing the PLCB's decision not to renew a liquor license hears the matter *de novo*, and may sustain, alter, modify, or amend the PLCB's order even when basing its decision on the same evidence presented before the PLCB. *See* Section 464 of the Liquor Code, 47 P.S. § 4-464; *U.S.A. Deli, Inc. v. Pa. Liquor Control Bd.*, 909 A.2d 24, 26-27 (Pa. Cmwlth. 2006). However, the trial court may hear new evidence and make independent findings of fact and conclusions

---

[4] Pursuant to Section 470 of the Liquor Code, a licensee must file a renewal application every two years. 47 P.S. § 4-470.

[5] In October 2019, the PLCB filed a decision in support of its non-renewal with the trial court. 10/03/2019 PLCB Decision; R.R. at 314a-42a.

[6] The trial court directed Licensee to file a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within 21 days. Initially opining that Licensee failed to comply, the trial court subsequently acknowledged and its docket entries reflect that Licensee complied within the prescribed time limit.

of law. *Domusimplicis, LLC v. Pa. Liquor Control Bd.*, 202 A.3d 836, 841 (Pa. Cmwlth. 2019). In other words, *de novo* consideration contemplates an independent evaluation of the evidence but does not restrict the trial court to reviewing the established record. As such, the trial court hearing the matter *de novo* assesses both the credibility and the weight of the evidence. In sum, the trial court has the same discretion over liquor license renewal cases as the PLCB. *U.S.A. Deli, Inc.*, 909 A.2d at 28.

Here, the trial court afforded Licensee the opportunity to present additional evidence and supplement the record. However, the trial court failed to adequately render independent and sufficient findings of fact and conclusions of law in its *de novo* consideration of the non-renewal. Consequently, we will address the issues presented to the extent that we are able and remand for pertinent findings and conclusions where the trial court's decision is insufficient to ascertain its rationale.

Licensee asserts the following issues:[7] 1) whether the trial court improperly admitted evidence that the hearing examiner excluded; 2) whether the trial court failed to consider the additional evidence that Licensee proffered during the *de novo* trial; 3) whether the trial court's findings are supported by substantial evidence;[8] and 4) whether Licensee's due process rights were violated by the PLCB's alleged comingling of prosecutorial, legislative, and adjudicative functions.

## I.

Licensee argues that the trial court improperly admitted evidence that the hearing examiner excluded, noting that she ruled against the admissibility of 11

---

[7] The issues have been reordered to advance the threshold issues.

[8] Substantial evidence is defined as "relevant evidence upon which a reasonable mind could base a conclusion." *Johnson v. Unemployment Comp. Bd. of Rev.*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986).

4

of the 13 proffered police reports whereas the trial court appeared to consider all of them as the primary basis for its decision. We conclude that Sergeant Young's testimony did not establish grounds for the admission of 11 police reports (Exs. B-6 - B-12, B-14, B-15, B-17, B-18). However, we conclude that the two reports of narcotics surveillance, as substantiated by Officers Roher and Adams, were admissible (Exs. B-13 and B-16).

As an initial matter, the PLCB is *not* obligated to adopt the hearing examiner's recommended decision. Section 402(a) of the Liquor Code provides that the hearing examiner shall make a report to the PLCB in each case with his or her recommendations. 47 P.S. § 4-402(a). As the administrative agency authorized to regulate liquor licenses, the PLCB may accept or reject the hearing examiner's recommendations and render definitive findings of fact and conclusions of law. *Philly Int'l Bar, Inc. v. Pa. Liquor Control Bd.*, 973 A.2d 1, 2 (Pa. Cmwlth. 2008). Moreover, and as noted, a trial court reviewing the PLCB's decision not to renew a liquor license hears the matter *de novo*. Accordingly, a hearing examiner's recommended decision binds neither the PLCB nor a trial court.

In accepting evidence of illicit third-party activity at or near the licensed premises, the trial court in the present case noted that the activity was cited in police reports and that such reports were authenticated by Sergeant Young. The trial court ruled that such reports were properly admitted under the business records exception to the bar against hearsay, which provides:

> A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of

5

information, method and time of preparation were such as to justify its admission.

Section 6108(b) of the Uniform Business Records as Evidence Act, 42 Pa.C.S. § 6108(b). In addition, the trial court observed:

> Under this exception, . . . if a qualifying witness can provide sufficient information relating to the preparation and maintenance of the records to justify the presumption of trustworthiness for the business records exception, a sufficient basis is provided to offset the hearsay character of the evidence and it is not necessary to produce either the preparer or the custodian of the record at the time the entries were made. So long as the *authenticating witness* can provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness of the business records of a company, a sufficient basis is provided to offset the hearsay character of the evidence.

*First Ward Republican Club of Phila. v. Pa. Liquor Control Bd.*, 11 A.3d 38, 45 (Pa. Cmwlth. 2010) (emphasis in original).

We conclude that the trial court erred in ruling that Sergeant Young's testimony warranted the admission of 11 police reports.[9] Police reports are admissible "if the testifying officer responded to the events described in the police report, prepared or reviewed the reports, and the reports were maintained by the department in the regular course of business[.]" *Paey Assocs. v. Pa. Liquor Control Bd.*, 78 A.3d 1187, 1195 (Pa. Cmwlth. 2013). Here, Sergeant Young acknowledged that he was neither the one who responded to the incidents described in 11 of the reports nor the one responsible for preparing or reviewing the information in those

---

[9] Even if the 11 reports were properly admissible, it is far from clear that the PLCB established that any illicit activity referenced therein was conveyed to Licensee and that Licensee failed to take substantial steps to address and/or prevent such activity.

6

reports. 3/12/2019 Admin. Hr'g, N.T. at 118, 121; R.R. at 150a, 153a. However, we agree that the two reports of narcotics surveillance were admissible because Officers Roher and Adams testified. Of course, whether their testimony supported the non-renewal is a separate question.

## II.

Licensee next argues that the trial court failed to consider the purported persuasive evidence that Licensee proffered during the *de novo* trial, which consisted of testimony from Mr. Choi; his son; and expert witness William Latorre.

It is not so much that the trial court failed to consider the evidence that Licensee proffered at the *de novo* trial, it is that the trial court failed to render findings of fact and conclusions of law pertinent to that evidence sufficient to afford this Court a basis for meaningful appellate review. This is true notwithstanding the trial court's statement that its "ruling was grounded in the record developed at the *de novo* trial[;]" enumeration of the witnesses who testified during the course of that trial; and conclusion that the *de novo* trial "consisted almost entirely of [Licensee's] case in chief, which largely confirmed the underlying illicit third[-]party activity referenced in the PLCB's Findings of Fact." 6/23/2021 Trial Ct. Op. at 6. Accordingly, even though the trial court acknowledged the additional evidence, it failed to make critical findings and conclusions.

## III.

Licensee next argues that the trial court's findings are not supported by substantial evidence because the trial court improperly relied upon the 11 police reports that should have been stricken and failed to consider the persuasive volume of additional evidence that Licensee presented at the *de novo* trial. As noted, the 11 police reports were inadmissible and we believe that the testimony and reports of the

two narcotics officers do not support the non-renewal as well.  However, we must leave for another day the question of whether the additional evidence constitutes substantial evidence to support the trial court's decision.

We are mindful that Section 104(a) of the Liquor Code authorizes the PLCB to exercise broad police powers in fulfilling its duty to protect the public welfare, health, peace and morals of the Commonwealth's citizens.  47 P.S. § 1-104(a).  Consequently, a licensee is strictly liable for violations of the Liquor Code and the PLCB's regulations.  *Pa. Liquor Control Bd. v. TLK, Inc.*, 544 A.2d 931, 933 (Pa. 1988).  In addition, a licensee may be held accountable for non-Liquor Code violations such as those under the Crimes Code,[10] if it can be established that there was a pattern of illegal activity on the licensed premises about which the licensee knew or should have known, and the licensee failed to take substantial steps to prevent such activity.  *Id*.  However, a licensee need not do everything possible to prevent criminal activities, just take substantial affirmative measures to prevent misconduct.  *Rosing, Inc. v. Pa. Liquor Control Bd.*, 690 A.2d 758, 763 (Pa. Cmwlth. 1997).

Here, Officers Roher and Adams testified regarding two incidents of narcotics surveillance, conducted on October 31, 2017, and December 6, 2017, and subsequent arrests.  Officer Roher testified that he and another officer observed a known drug dealer enter the licensed premises and then three patrons hand money to the dealer in exchange for small unknown objects.  3/12/2019 Admin. Hr'g, N.T. at 25, 37; R.R. at 57a, 69a and Ex. B-13 (arrest report); R.R. at 268a.  Subsequently, the dealer and one of the buyers were arrested shortly thereafter.  The buyer was charged with possession of crack cocaine, and the dealer was found with 20 sealed

---

[10] 18 Pa.C.S. §§ 101-9546.

packets of crack cocaine and charged with possession with intent to deliver. *Id.*, N.T. at 30, 33, 55, 57, 60; R.R. at 62a, 65a, 87a, 89a, 92a. Officer Adams testified that he observed a man standing directly in front of the licensed premises holding a clear bag containing 29 packets of cocaine and that the man was charged with possession. *Id.*, N.T. at 114, 119; R.R. at 146a, 151a and Ex. B-6 (arrest report); R.R. at 256a.

Notwithstanding the gravity of the drug-related incidents and arrests, the record reflects that the officers did not advise Licensee of the illicit activity and subsequent arrests. *Id.*, N.T. at 44-46, 61-62, 84-88, 98; R.R. at 76a-78a, 92a-93a, 116a-20a, 130a. Notably, one person was arrested four blocks from the premises. *Id.*, N.T. at 61; R.R. at 93a. While it is true that the officers did not want to "blow their covers," this does not obviate the necessity to convey the illicit activity to Licensee in order for Licensee to be held responsible. Accordingly, the admissible evidence in the two police reports and the officers' respective testimony simply does not support a determination that Licensee knew about such activity, let alone failed to take steps to prevent it.

In support of non-renewal, the trial court also references violations pertaining to open containers and a refusal to leave the premises. 6/23/2021 Trial Ct. Op. at 8 (citing 3/12/2019 Admin. Hr'g, N.T. at 10-17; R.R. at 43a-49a). Beyond noting that these violations occurred directly outside the licensed premises during business hours, the trial court merely observed that even past violations may be considered in license renewal proceedings.[11] Once again, however, the trial court

---

[11] Section 470(a.1) of the Liquor Code provides that the Director of the Bureau of Licensing may object to and the PLCB may refuse a properly filed license application if the licensee has one or more adjudicated citations under the license. Added by Act of June 18, 1998, P.L. 664, 47 P.S. § 4-470(a.1). *See also Paey Assocs.*, 78 A.3d at 1200 (Pennsylvania law makes clear that the **(Footnote continued on next page…)**

did not render pertinent findings, despite the fact that one of Licensee's witnesses at the *de novo* hearings, William Latorre, addressed the open container violations and offered testimony as to the circumstances under which they occurred and Licensee's apparent understanding of the police directive that alcohol should not be consumed in the licensed premises. *See* 2/07/2020 Trial Ct. Hr'g, N.T. at 179, 189; R.R. at 721a, 731a. Accordingly, the trial court needs to render detailed findings as to these violations and why, even in the absence of Licensee's knowledge of any illicit drug-related activity and failure to act, such violations would warrant non-renewal.

Moreover, the trial court failed to render any findings or conclusions pertaining to alleged safety and security measures that Licensee implemented at the premises such as "no loitering" signs; eight surveillance cameras throughout the interior and exterior; and bright interior and exterior lighting. 2/07/2020 Trial Ct. Hr'g, N.T. at 89-91, 150, and 154-55; R.R. at 631a-33a, 692a, and 696a-97a. In addition, the trial court failed to assess the testimony pertaining to the attempts that Mr. Choi and his family members made to communicate and cooperate with the local police by personally visiting headquarters and leaving their personal contact information.[12] *Id.*, N.T. at 32-48; R.R. at 574a-90a.

**IV.**

Licensee next argues that its due process rights were violated by the PLCB's alleged comingling of prosecutorial, legislative, and adjudicative functions contrary to *Lyness v. State Board of Medicine*, 605 A.2d 1204 (Pa. 1992). In *Lyness*, the Pennsylvania Supreme Court held that the State Board of Medicine violated the

---

PLCB may refuse to renew a license based on a single, adjudicated citation regardless of when it occurred); *Goodfellas, Inc. v. Pa. Liquor Control Bd.*, 921 A.2d 559, 564 (Pa. Cmwlth. 2007) (same).

[12] Notably, the testimony was undisputed that no one from headquarters contacted Licensee or his family members following their visits.

physician's due process rights because an administrative board cannot initiate a professional licensing prosecution and then act as the ultimate factfinder in determining whether a violation occurred. However, here, the PLCB acted to deny license renewal, but it did not act as the ultimate factfinder. Rather, the ultimate factfinder was the trial court. Thus we have held that any potential due process issues may be cured by a licensee's *de novo* appeal to a trial court. *See Big D Rests., LLC v. Pa. State Police, Bureau of Liquor Control Enf't*, 149 A.3d 890, 898 (Pa. Cmwlth. 2016) (a party's full participation in a trial court's *de novo* hearing will cure a prior due process notice deficiency).

## V.

In accordance with the foregoing, we are constrained to vacate the trial court's decision and remand this matter with directions to the trial court to render detailed findings of fact and conclusions of law, *based on the existing record*, concerning open container violations, any safety and security measures Licensee may have implemented, and any attempts Mr. Choi and his family made to cooperate with the police.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

JUNS, Inc.,                             :
                Appellant       :
                              :
        v.                            :    No. 1312 C.D. 2020
                              :
Pennsylvania Liquor Control Board       :

# O R D E R

AND NOW, this 11th day of December, 2025, the order of the Court of Common Pleas of Philadelphia County is hereby VACATED. This matter is REMANDED to the trial court with directions to render detailed findings of fact and conclusions of law, *based on the existing record*, within ninety (90) days of the date of this opinion and order.

        Jurisdiction retained.

                                                

                                        **BONNIE BRIGANCE LEADBETTER,**
                                        President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

JUNS, Inc.,           :
         Appellant      :
                   :
       v.            :    No. 1312 C.D. 2020
                   :
Pennsylvania Liquor Control   :
Board                  :    Submitted: August 8, 2025


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE MATTHEW S. WOLF, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

CONCURRING AND DISSENTING OPINION
BY JUDGE WOLF                         FILED: December 11, 2025


      I agree with almost everything my esteemed and well-respected colleague has written in her Majority Opinion. I respectfully dissent because I fear that, in citing precedence, dicta has transmogrified into an improper hearsay exception rule in Liquor Control Board cases.

      It all traces back to *First Ward Republican Club of Philadelphia v. Pennsylvania Liquor Control Board*, 11 A.3d 38 (Pa. Cmwlth. 2010), wherein this Court stated in dicta:

> . . . Section 6108 of the Judicial Code[, 42 Pa.C.S. § 6108,] was enacted to create an additional exception to the hearsay rule in circumstances where a record of an act, a condition, or an event was made in the regular course of business, at or near the time of the act, condition, or event, and where the sources of information, method, and time of

> preparation were such as to justify its admission. *Boyle v. Steiman*, 429 Pa. Super. 1, 631 A.2d 1025 (1993), appeal denied, 538 Pa. 663, 649 A.2d 666 (1994). Under this exception, the Pennsylvania Supreme Court has held that ***if a qualifying witness can provide sufficient information relating to the preparation and maintenance of the records to justify the presumption of trustworthiness for the business records exception***, a sufficient basis is provided to offset the hearsay character of the evidence and it is not necessary to produce either the preparer or the custodian of the record at the time the entries were made. *In re Estate of Indyk*, 488 Pa. 567, 573, 413 A.2d 371, 373 (1979). So long as the authenticating witness can provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness of the business records of a company, a sufficient basis is provided to offset the hearsay character of the evidence. *Id.*

11 A.3d at 45-46 (emphasis added).

This sets out the general process for determining the admissibility of business records. The Court in *First Ward Republican Club* went on, simply stating as one example out of many possibilities as to how this general process could be fulfilled to allow admission into evidence of police reports: "An individual may be a qualifying witness and his testimony may lay a proper foundation for the admission of a report if his responsibilities include the review of the report in question and he testifies that the report was prepared by a subordinate of his and maintained for him by a member of his staff." *Id.* at 46.

In *Paey Associates v. Pennsylvania Liquor Control Board*, 78 A.3d 1187, 1195 (Pa. Cmwlth. 2013), the Court reviewed *First Ward Republican Club* and found another example of how a qualifying witness can provide sufficient information relating to the preparation and maintenance of the records to justify the presumption of trustworthiness for the business records exception: "Based upon the

above rule, if the testifying officer responded to the events described in the police report, prepared or reviewed the reports, and the reports were maintained by the department in the regular course of business, the police report comes within the business record exception to the hearsay rule, and the contents thereof may be admissible."  78 A.3d at 1195.  The three things itemized by the Court in *Paey*, responding to the events, preparing or reviewing, and the department maintaining the records, are not a be-all and end-all checklist for the admissibility of business records in a Liquor Control Board case, they are just an example of how an individual may be duly qualified as a witness to lay a sufficient foundation, but there are other ways.

For example, *Yongs Place, Inc. v. Pennsylvania Liquor Control Bd.*, (Pa. Cmwlth., No. 483 C.D. 2021, filed May 12, 2023), 2023 WL 3411649,[1] is a shining example of how to analyze the qualifying witness and foundational requirements for the admission of police reports in a Liquor Control Board case under the business records hearsay exception.  There, the proponent witness was not the responding officer to the events and did not prepare the police reports at issue. *Id.*, slip op. at 9.  The witness testified about the department's procedures and practice of preparing reports, and that the reports offered would have been produced under that process, even though the witness did not personally supervise or review all of the reports offered.  *Id*, slip op. at 9-10. Yet the Court, applying the general rule, analyzed the testimonial evidence and determined that the witness provided "sufficient information relating to the preparation and maintenance of the reports to justify a presumption of trustworthiness" for the business records exception to apply.

---

[1] Unreported decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.  *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures (IOP), 210 Pa. Code § 69.414(a).

*Id.*, slip op. at 10.

In the underlying hearing in this case, the qualifying witness was Sergeant Tremayne Young. 3/12/2019 Admin Hr'g Tr., Reproduced Record (R.R.) at 131a-57a. He testified he has held his current position since 2015 and he supervises patrol officers' preparation of police reports. *Id.* at 132a-33a. Sergeant Young stated he is familiar with the department's report procedures, including approval by various supervisors, storage, distribution, numbering, and preventing tampering. *Id.* at 135a-39a. He identified which types of reports the PLCB offered in this case and testified that those reports would have been reviewed and approved by him or another sergeant as part of the department's procedures. *Id.* at 145a-46a.

Sergeant Young detailed the process by which the department's reports are produced and specifically testified that the offered reports followed that process. This was sufficient information on the reports' reliability as business records to outweigh their hearsay nature, such that the hearing officer and the trial court could rely upon them. *See Yongs Place*, slip op. at 10-11. The result should be the same here as it was in *Yongs Place* and the reports should be admissible.

The example for admission of business records cited by the Court in *Paey* is not the rule. It is simply an appropriate, but not exclusive, example, of how such reports may be admitted. I believe it is error to restate the example as a rule, and therefore, I dissent.

---------------------------------------
MATTHEW S. WOLF, Judge

4 - MSW